HLD-010                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1217
_____

In re:  KUDZAI SHONHAI,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:24-cv-00229)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 27, 2025
Before:  CHAGARES, Chief Judge, HARDIMAN and PORTER, Circuit Judges

(Opinion filed: April 23, 2025)
_____

OPINION*
_____

PER CURIAM

    In early 2025, Kudzai Shonhai filed a pro se petition for a writ of mandamus,

asking us to direct the District Court to rule on his petition for writ of habeas corpus.  In

the habeas petition, Shonhai challenged his prolonged detention in immigration custody

and requested that the District Court order a bond hearing.  After Shonhai filed the

mandamus petition, the District Court entered a memorandum and order granting his

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

habeas petition and ordering the Respondent to provide him with an individualized bond hearing.  Because of that development in the District Court, this Court ordered Shonhai to show cause why the mandamus petition should not be dismissed as moot.  Shonhai filed a response, asserting that his petition was not moot because, since his bond hearing, he filed more motions with the District Court and now seeks an order directing the District Court to rule on those motions expeditiously.

In light of the District Court's order granting Shonhai's habeas petition, this mandamus petition no longer presents a live controversy.  Therefore, we will dismiss it as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).  To the extent that Shonhai seeks additional relief based on new developments in the District Court, he may file a new original proceeding petition in accordance with all applicable rules.[1]  Shonhai's motion for appointment of counsel is denied.

---

[1] As for Shonhai's recently filed pending motions, he likewise would be required to show delay by the District Court approaching a failure to exercise jurisdiction.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).